No. 46,302

STATE OF KANSAS, *Petitioner,* v. WAYNE W. GRINDOL, *Attorney— Respondent.*

ORIGINAL PROCEEDING IN DISCIPLINE

(485 P. 2d 219)

Opinion filed May 15, 1971.

*Edward G. Collister, Jr.,* Assistant Attorney General, argued the cause and *Vern Miller,* Attorney General, was with him on the brief for petitioner.

*William L. Mitchell,* of Hutchinson, argued the cause and *Leander P. Hamilton,* of Hutchinson, was with him on the brief for respondent.

*Per 'Curiam:* Complaint was filed with the Board of Law Examiners of the State of Kansas (the board) charging Wayne W. Grindol of Jewell, Kansas (the respondent) with violating the Canons of Professional Ethics by engaging in the business of banking while continuing to practice law.

The original complaint was made in 1968. Thereafter the Canons of Professional Ethics were recodified and adopted as the Code of Professional Responsibility. (See Rule No. 501, 205 Kan. lxxvii, effective July 1, 1970.)

The board adopted the recommendations of a hearing panel and found that respondent's conduct had violated Canon 27 of the Canons of Professional Ethics which relates to improper advertising by a lawyer. They further found that respondent would be violating the following disciplinary rules of the Code of Professional Responsibility if he continued in the business of banking while engaging in the practice of law.

The disciplinary rules referred to are:

"DR 2-101 (A) A lawyer shall not prepare, cause to be prepared, use, or participate in the use of, any form of public communication that contains professionally self-laudatory statements calculated to attract lay clients; as used herein, 'public communication' includes, but is not limited to, communi-

cation by means of television, radio, motion picture, newspaper, magazine, or book.

. . . . . . . . . . . . .

"DR 2-102 (E) A lawyer who is engaged both in the practice of law and another profession or business shall not so indicate on his letterhead, office sign, or professional card, nor shall he identify himself as a lawyer in any publication in connection with his other profession or business.

. . . . . . . . . . . . .

"DR 2-103 (A) A lawyer shall not recommend employment, as a private practitioner, of himself, his partner, or associate to a non-lawyer who has not sought his advice regarding employment of a lawyer.

. . . . . . . . . . . . .

"DR 2-103 (C) A lawyer shall not request a person or organization to recommend employment, as a private practitioner, of himself, his partner, or associate, except that he may request referrals from a lawyer referral service operated, sponsored, or approved by a bar association representative of the general bar of the geographical area in which the association exists and may pay its fees incident thereto.

"DR 2-103 (D) A lawyer shall not knowingly assist a person or organization that recommends, furnishes, or pays for legal services to promote the use of his services or those of his partners or associate. . . .

"DR 2-103 (E) A lawyer shall not accept employment when he knows or it is obvious that the person who seeks his services does so as a result of conduct prohibited under this Disciplinary Rule."

(See Code of Professional Responsibility, supra.)

Prior to a hearing before the panel a general stipulation of facts was entered into by the parties. It was stipulated respondent had been notified that any lawyer who is engaged in the business of banking should not continue his practice of law; that respondent continued in the business of banking and continued to practice law after being notified; that at the bank respondent does not show by sign, lettering or otherwise that he is a lawyer; that respondent has a separate law office with an outside entrance at his home where he maintains his law library and equipment and where he conducts his law business; that his legal stationery lists no connection with the bank and the postoffice address and telephone number given on his legal stationery are not those of the bank; that he maintains no listing as an attorney in the local telephone directory and respondent uses no professional card; that the bank has no trust powers and respondent does not act as an attorney for the bank; that respondent is the only attorney in Jewell, a town of approximately 500 people.

In addition to this stipulation there was one additional bit of evidence. A lawyer testified a certain real estate contract was pre-

pared and signed in the Citizens State Bank at Jewell. This lawyer-witness testified he was present when one of his clients sold some real estate to a purchaser. The purchaser was represented by the respondent. After a contract was drawn and executed the purchaser's attorney (respondent) arranged with his client, the purchaser, to examine the title to the land and to prepare the deed. There was no evidence as to how or when respondent was retained by the purchaser to represent him in this matter.

After considering the report of the panel the board made the following recommendation to this court:

"That the respondent's license to practice law be suspended by the court until such time as the respondent presents satisfactory evidence to the court that he is no longer actively engaged in the operation of a bank under circumstances which bring him into contact with the public in his capacity as a banker."

We have searched the record to find evidence of any violation of the disciplinary rules previously set forth in this opinion. There is no substantial evidence of a violation of any one of these disciplinary rules. There is nothing to indicate that Mr. Grindol has used his position in the bank to improperly solicit legal business or advertised himself as a lawyer. There is no evidence that he represented clients with legal interests which conflicted with the interests of the bank.

If we adopt the recommendations of the board we must hold that a lawyer may not engage in any other business which brings him in contact with the people of his community, be that business banking or be it abstracting of titles, insurance or loans. This we decline to do.

We hold there is nothing unethical *per se* for a practicing lawyer to be an officer and a director of a bank so long as he adheres to the disciplinary rules set forth in the Code of Professional Responsibility.

Judgment is for respondent.