No. 47,351

STATE OF KANSAS, *Petitioner,* v. JERRY J. BERKLEY and PAUL D. BERKLEY, *Respondents.*

(520 P. 2d 1255)

Opinion filed April 6, 1974.

*Donald A. Hoffman,* assistant attorney general, argued the cause, and *Vern Miller,* attorney general and *Curt T. Schneider,* assistant attorney general, were on the brief for the petitioner.

*William L. Mitchell,* of Hutchinson, argued the cause and was on the brief for the respondents.

*Per Curiam:* This is an original proceeding in discipline against Jerry J. Berkley and Paul D. Berkley, the respondents. The board of law examiners found that the respondents were in violation of DR 5-101 (A) (209 Kan. lxxxii) and DR 1-102 (A) (5) (209 Kan. lxxvi).

The respondents are engaged in the dual professions of banking and law in the city of Downs, Kansas, population approximately 1,500. They are owners of the State Bank of Downs and of the Harrison Brothers Insurance Agency. They primarily confine their legal practice to matters in the probate court of Osborne County.

The board found that during the disposition of certain estates the respondents acted either as executors, administrators or attorneys for the executor or administrator. That during the disposition of these same estates, there was a consistent pattern of withdrawing estate assets from interest bearing accounts for placement into non-interest bearing demand deposits in the respondents' bank. The board also found that in several of the same estates, fiduciary bonds were purchased through the Harrison Brothers Insurance Agency, in which the respondents are owners.

The board concluded that a conflict of interest existed and that the respondents had failed to notify clients or interested parties of the conflict.

Apparently the original complaint filed against the respondents charged them with the dual practice of law and banking at or about the time Grindol, Wesley and Klassen were charged with the same offenses. (See, *State v. Klassen*, 207 Kan. 414, 485 P. 2d 1295; and *State v. Grindol*, 207 Kan. 428, 485 P. 2d 219.) After reviewing the records in these cases the court held there was nothing unethical *per se* for a practicing lawyer to be an officer and a director of a bank so long as he adheres to the disciplinary rules set forth in the Code of Professional Responsibility.

Sometime after the original complaint was filed the assistant attorney general notified the respondents that the hearing before the "three-member panel of the Board, pursuant to Rule 205 of the Supreme Court" would be held February 23, 1972. The notice further advised:

"The complaint is that you are maintaining a dual practice of law and banking in such a way as to violate the Canons of Ethics and/or the Code of Professional Responsibility prohibitions *against ADVERTISING and/or SOLICITING, either directly or indirectly.*" (Emphasis added.)

The foregoing notice is the only notice the respondents ever received concerning the nature of the charges against them in this proceeding. It was the official notice under which the hearing was conducted.

The matter was heard on December 19 and 20, 1972, in Salina, Kansas, before a hearing panel of the State Board of Law Examiners. In his opening statement to the hearing panel, the attorney general stated:

"What we would like to show and what we will attempt to show is by the mere fact of their ownership, the way they operate both the bank and the insurance agency, it not only tends to lead to solicitation, but also leads to conflicting situations which cannot be reconciled under the Code of Professional Responsibility. . . . It is our position that once they get into this position a natural conflict arises. . . ."

The disciplinary rules the hearing panel found the respondents to have violated read:

"DR 5-101 (A) Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests."

"DR 1-102 (A) (5) Engage in conduct that is prejudicial to the administration of justice."

As a result of its findings that the respondents were in violation of the foregoing disciplinary rules the hearing panel recommended public censure, although the complaint did not include charges that the respondents were violating either of the above disciplinary rules.

The board of law examiners thereafter adopted the following motion:

"The findings of the Hearing Panel were adopted as the report of the Board, but the recommendation of public censure was amended to read: 'That the court make and announce such decisions as it deems proper for the guidance of the members of the bar.'"

Regarding the action of the board of law examiners, the chairman did not vote, one member was absent, and two members dissented. Thus, only three members of the seven member board supported the report.

Thereafter the respondents took exception to the findings in the report and objected to their names being used in a disciplinary proceeding for the purpose of making rules.

Inherent in the findings of the board of law examiners, as adopted, is a finding that the respondents were not guilty of advertising or soliciting, the offenses with which they were charged. Furthermore, a review of the transcript indicates there is no evidence whatever to support either of these charges. Prior to the hearing before the panel the respondents were never charged or notified that they were charged with a violation of the disciplinary rules (DR 5-101 [A] and DR 1-102 [A] [5]) of which the board found them guilty. They argue that had they been notified they would have been prepared to defend such charges by calling numerous witnesses who were former clients to show that full disclosure was made to the clients, and thereby establish that they had not violated the specific disciplinary rules set forth in the board's findings.

When the respondents were notified by the assistant attorney general that they were charged with advertising and/or soliciting, either directly or indirectly, Paul D. Berkley, one of the respondents on January 28, 1972, replied to the assistant attorney general and asked:

". . . We also ask that the Board set forth charges against us with sufficient particularity to inform us 'clearly and specifically of the acts of misconduct with which. . . .' we are being charged under Rule 205 (b) of the Supreme Court. . . ."

Carbon copies were sent to two members of the board, but the respondents contend they received no answer or reply from anyone. There is nothing in the file with this court to the contrary. The respondents' attorney, William L. Mitchell, requested of the attorney general's office that the specific charges be specified, and these requests were refused.

Under the circumstances the acts with which the respondents were found guilty were never the basis of a charge concerning which they were notified, and they were found not guilty of the charges concerning which they were notified.

Accordingly, judgment is entered for the respondents.

OwSLEY, J., not participating.