No. 46,249

STATE OF KANSAS, *Petitioner*, v. DICK KLASSEN and CLARK WESLEY, *Respondents.*

(485 P. 2d 1295)

Opinion filed May 15, 1971.

*Edward G. Collister, Jr.,* assistant attorney general, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for petitioner.

*William L. Mitchell,* of Hutchinson, argued the cause, and *Leander P. Hamilton,* of Hutchinson, was with him on the brief for respondents.

*Per Curiam:* This is an original proceeding in discipline instituted by the Ethics Committee of the Reno County Bar Association. The complaint filed October 11, 1968, alleged the respondents, Dick Klassen and Clark Wesley, were practicing law and doing business as bankers in violation of the Canons of Professional Ethics of the state of Kansas.

The State Board of Law Examiners adopted the recommendations of a three-member hearing panel and found the respondents' conduct to be in violation of Canon 27 of the Code of Professional Ethics relating to advertising and solicitation of business. The Board further found that such conduct, if continued, would violate DR 2-101 (A), DR 2-102 (E), DR 2-103 (A), DR 2-103 (C), DR 2-103 (D), and DR 2-103 (E) of the Code of Professional Responsibility. (See, Rule 501, 205 Kan. lxxvii, effective July 1, 1970.) Recommendation was made by the Board that respondents' licenses to practice law be suspended until such time as they present satisfactory evidence to the court that they are no longer actively engaged in the operation of a bank under circumstances which bring them into direct contact with the public in their capacity as bankers.

The evidence before the hearing panel consisted of a stipulation and testimony by the respondents and one of their clients. The following facts were developed.

Klassen and Wesley reside in Nickerson, Kansas, and are President and Vice-President, respectively, and directors of the Nickerson State Bank. They devote their full time to the bank during banking hours. Respondents, having been admitted to the Bar of this state for more than ten years, are also partners engaged in the practice of law. They maintain a law office and library in a separate room in the bank building accessible only from the lobby of the bank. There is no shingle or other indication, either on the inside or outside of the bank, that a law office exists in the building. The telephone in the law office is an extension of the bank phone. Only Klassen is listed in the white pages of the Nickerson telephone directory as an attorney, with the telephone number that of the bank. There are no other tenants in the bank building. The law firm uses the address of the Nickerson State Bank Building on its legal stationery.

Generally, respondents conduct their law practice before and after banking hours. Minor legal questions and matters may be answered or taken care of in the lobby of the bank, but anything requiring more time and attention is handled on an appointment basis, usually after the bank is closed. About 80% of the firm's clients are also customers of the bank. Although the bank does not have trust powers, respondents admit they have written a number of wills and prepared deeds and real estate contracts. They have also examined abstracts including, on occasion, those for purchasers where the bank was lending money on the property. Klassen and Wesley are legal counsel for the bank and bill the bank for their services on a fee-schedule basis. Respondents have no legal secretary, but do their own typing. Their partnership income from the practice of law was approximately $5,000 in 1969.

Nickerson is a town of less than 1,500 inhabitants located approximately ten miles from the city of Hutchinson with no practicing attorneys other than respondents. It is agreed that a law practice in a town of this size is not economically feasible to maintain and that respondents are providing a service to the community as attorneys.

Notwithstanding the Board's findings and recommendations, which are advisory only, we have the duty in a disciplinary proceeding to examine the evidence and determine for ourselves the judgment to be entered. After a careful review of the record, we fail to find clear and convincing proof of substantial misconduct

warranting disciplinary action against respondents. (*In re Phelps,* 204 Kan. 16, 459 P. 2d 172; *In re Ratner,* 194 Kan. 362, 399 P. 2d 865.)

We agree with the general principle stated in the Board's report that there is nothing unethical, *per se,* about a practicing lawyer being an officer and a director of a bank as long as he adheres to the Canons of Professional Ethics. There is, however, absolutely no evidence showing that there has been any direct solicitation of law business by respondents stemming from their banking activities, nor has there been advertising by the bank which directly or indirectly benefited respondents in the practice of law. Furthermore, the parties expressly stipulated that, *"respondents have never consciously, directly or indirectly advertised for nor solicited any law business at any time and in particular, from a custom[er] of said bank."* (See, *State v. Grindol,* [No. 46,302, this day decided].)

Judgment is entered for respondents.

FONTRON, J., not participating.