No. 77,659

In the Matter of STUART W. GRIBBLE, *Respondent.*

933 P.2d 672

Opinion filed March 7, 1997.

*Stanton A. Hazlett,* chief deputy disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*Jack Focht,* of Focht, Hughey & Calvert, L.L.C., of Wichita, argued the cause for the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Stuart W. Gribble, of Wichita, an attorney licensed to practice law in the state of Kansas. While practicing law, Gribble served as a part-time hearing officer for the Kansas Department of Revenue, presiding over driver's license suspension hearings. While acting in that capacity, the respondent dismissed eight cases of persons who had employed him as an attorney to represent them in their DUI cases.

The respondent dismissed at least five of his clients' pending driver's license suspension cases while acting in his capacity as a hearing officer. As many as three of the cases were set on the docket of a second hearing officer, and the respondent marked that docket to show that the pending hearings had been "reset." The truth was that the respondent had dismissed those cases and marked them "reset" to hide the fact from the second hearing officer that the respondent had dismissed the cases.

In addition, the respondent told the investigator in one case that the arresting officer had agreed to the dismissal. This was false.

The respondent acknowledges that it was improper for his clients to appear before him as a hearing officer and that his actions constituted violations of MRPC 1.11 (1996 Kan. Ct. R. Annot. 295) and MRPC 8.4(c) and (d) (1996 Kan. Ct. R. Annot. 350).

The hearing panel received stipulated evidence, heard testimony concerning the reasons for the respondent's conduct, and heard evidence concerning the proposed plan of rehabilitation. The panel

recommended that the respondent be suspended from the practice of law for a period of 2 years from the date he voluntarily ceased to practice law (January 1, 1996) and that his readmission to the bar be subject to an evaluation for alcohol usage by an appropriately qualified health care provider to ensure that his use of alcohol does not interfere with his ability to practice law.

The panel's findings and recommendations are advisory only and are not binding on the court. *State v. Phelps*, 226 Kan. 371, 378-79, 598 P.2d 180 (1979); *State v. Johnson*, 219 Kan. 160, 546 P.2d 1320 (1976). It is the responsibility of this court to examine the evidence and determine for itself the discipline to be imposed. See *State v. Klassen*, 207 Kan. 414, 415, 485 P.2d 1295 (1971).

Here, a minority of the court would disbar the respondent if the respondent had been charged with the more serious charges which were available and the case presented to the panel supported the more serious charges. A majority of the court is of the opinion that the record before this court warrants indefinite suspension.

IT IS THREEFORE ORDERED that the respondent, Stuart W. Gribble, be indefinitely suspended from the practice of law. If the respondent is readmitted to the bar, his readmittance is subject to a favorable recommendation from a qualified health care provider, to be named by the Disciplinary Administrator, to ascertain if the respondent's use of alcohol interferes with his ability to practice law.

IT IS FURTHER ORDERED that the respondent shall comply with the provisions of Supreme Court Rule 218 (1996 Kan. Ct. R. Annot. 226) and, at the end of the indefinite suspension or anytime thereafter, shall comply with Supreme Court Rule 219 (1996 Kan. Ct. R. Annot. 234).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the respondent pay the costs of these proceedings.

SIX, J., dissenting: Stuart W. Gribble should be disbarred.

The hearing panel's finding No. 3 is pertinent:

"In 1994, respondent was serving as a part-time Hearing Officer for the Kansas Department of Revenue. Respondent's primary responsibility was to preside at

drivers license suspension cases. Respondent was also engaged in the private practice of law. Respondent testified he routinely presided over the morning docket of cases and another hearing officer, John Lehecka, presided over the afternoon docket. Unknown to Mr. Lehecka, respondent dismissed eight cases from Mr. Lehecka's docket with notations such as 'officer failed to appear' and 'dismissed per officer'. All eight cases dismissed by respondent involved his own clients. Respondent did not sign the dismissal orders as attorney of record for the defendants. His signature appears on the pleadings as Hearing Officer. In one case, respondent made a notation on the docket sheet that it had been reset when it had been dismissed. He advised the panel he was intentionally trying to hide the fact he had dismissed the case from Mr. Lehecka." (At oral argument counsel corrected the reference to the eight cases, agreeing that all eight cases were dismissed, but noting five were from Gribble's docket and three from Lehecka's).

The panel also found that the respondent provided false information to the Disciplinary Administrator's investigator and failed to follow the recommendations of Dr. Timothy Scanlan (the respondent had been referred to Dr. Scanlan by the Chair of the Impairment Committee of the Wichita Bar Association).

The panel observed that the respondent seems to genuinely believe that the ultimate outcome of his actions did not result in serious wrongdoing.

The respondent held a position of trust under appointment by the Governor of Kansas as a hearing officer for the Department of Revenue. His cavalier treatment of the Model Rules of Professional Conduct (MRPC) is evidenced by the panel's observation that the respondent "testified he blamed the system in part for allowing the circumstances that gave rise to his complaints to occur" (the Department of Revenue had no written policy prohibiting hearing officers from handling DUI cases in private practice).

In June 1996, the respondent received informal admonition for a disciplinary infraction involving allegations of failing to properly communicate with his client (see Rule 203[a][4] [1996 Kan. Ct. R. Annot. 193]).

In the present proceeding, the respondent violated MRPC 1.11 (1996 Kan. Ct. R. Annot. 295) (representing a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer), 8.4 (c) (1996 Kan. Ct. R. Annot. 350) (conduct involving dishonesty, fraud, deceit, or mis-

representation), and 8.4 (d) (1996 Kan. Ct. R. Annot. 350) (engage in conduct that is prejudicial to the administration of justice).

The respondent did not appear in this court, according to his counsel, because of business problems. Counsel also opined that he suspected the respondent is embarrassed and ashamed about what he has done.

The respondent wrongfully dismissed cases before him involving his clients. To benefit his clients, he falsified not only his own hearing docket but also the docket of another hearing examiner. His actions mock the MRPC.