No. 80,584

In the Matter of W. FREDRICK ZIMMERMAN, *Respondent*.
(965 P.2d 823)

Opinion filed October 30, 1998.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*David W. Boal*, of Kansas City, argued the cause and was on the brief for respondent, and *W. Fredrick Zimmerman,* respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against W. Fredrick Zimmerman of Kansas City, an attorney licensed to practice law in the state of Kansas. The hearing panel found that respondent had violated MRPC 1.1 (1997 Kan. Ct. R. Annot. 268) (competence), MRPC 1.3 (1997 Kan. Ct. R. Annot. 276) (diligence), MRPC 1.8(a) (1997 Kan. Ct. R. Annot. 301) (conflict of interest: prohibited transactions), and MRPC 8.4(a), (c), and (d) (1997 Kan. Ct. R. Annot. 366) (misconduct). The panel recommended respondent be suspended from the practice of law for a period of 1 year. Respondent filed exceptions to all of the panel's findings and conclusions and its recommended discipline.

## BACKGROUND

Respondent represented Gordon Chaffin in a loose arrangement over a period of several years, including formation of a number of corporations. The complaint filed herein arises from respondent's acts and omissions concerning one of these corporations, La Cajun. At Chaffin's request, respondent incorporated La Cajun. The corporation was engaged in the Cajun frozen food business. The corporation experienced financial problems. In early 1993 Chaffin interested Dean Fleming in investing in La Cajun. Ultimately, Fleming loaned the corporation approximately $40,000 in exchange for 51% of its stock and a priority creditor position. Fleming assumed control of the corporation's business. Fleming sub-

sequently put additional funds into the corporation. Fleming filed the complaint herein against respondent.

## SCOPE OF REVIEW

In *In re Berg*, 264 Kan. 254, 269, 955 P.2d 1240 (1988), we held:

"Our standard of review in disciplinary matters was recently set forth in *In re Carson*, 252 Kan. 399, 406, 845 P.2d 47 (1993), where we stated:

'In *State v. Klassen*, 207 Kan. 414, 415, 485 P.2d 1295 (1971), we explained that we have a "duty in a disciplinary proceeding to examine the evidence and determine for ourselves the judgment to be entered." In *State v. Zeigler*, 217 Kan. 748, 755, 538 P.2d 643 (1975), this court stated that, although the report of the disciplinary board "is advisory only, it will be given the same dignity as a special verdict by a jury, or the findings of a trial court, and will be adopted where amply sustained by the evidence, or where it is not against the clear weight of the evidence, or where the evidence consisted of sharply conflicting testimony." See *In re Farmer*, 242 Kan. 296, 299, 747 P.2d 97 (1987).'

"We apply the rules stated above in considering the evidence, the findings of the panel, and the arguments of the parties in making our determination of whether or not violations of the MRPC exist, and, if they do, deciding upon the appropriate discipline to be imposed."

## DISCUSSION

At the hearing before the panel, three witnesses were called: Fleming, Chaffin, and respondent. A morass of complex and conflicting testimony was presented. In his brief, respondent concentrated on those portions of the testimony which can be construed as being inconsistent with the panel's findings and conclusions and made rather confusing arguments. Nothing would be gained by a full recitation of this material.

The panel found respondent's conduct fell short of acceptable standards in a number of respects. These are summarized as follows. Respondent prepared and filed the La Cajun articles of incorporation wherein he listed himself as the incorporator and first director. Respondent prepared no bylaws and kept virtually no corporate records despite serving as its secretary. His failure to file an annual report caused the forfeiture of La Cajun's corporate charter for a period of time in 1993. The panel further found respondent neglected to draft the shareholder agreement as directed by Chaffin and Fleming that was to provide specifically that Fleming's loan

had priority status. The panel further found he had been dilatory in filing a suit on behalf of the corporation. Additionally, the panel found respondent had a conflict of interest in that the only fee for his services to the corporation would come from Chaffin's share of the business profit. It was, therefore, to respondent's financial advantage for Fleming's loan not to be superior to Chaffin's profit. Finally, the panel found respondent had, during the investigation herein, made false statements to Stan Hazlett, then Deputy Disciplinary Administrator, relative to the nature of Fleming's relationship to the corporation. (Respondent admitted in his testimony that these statements were misleading.)

From these findings, the panel concluded respondent had violated MRPC 1.1, 1.3, 1.8(a), and 8.4(a), (c), and (d). As previously noted, the evidence herein was sharply conflicting. There is sufficient evidence supporting the panel's findings. See *In re Farmer*, 242 Kan. 296, 299, 747 P.2d 97 (1987). We further adopt the panel's conclusions that the specified violations exist herein. We disagree, however, with the panel's recommended discipline. Before the panel and before this Court, the office of the Disciplinary Administrator recommended the discipline of published censure. We conclude that, under the totality of the circumstances herein, published censure is the appropriate discipline. Included in those circumstances is complainant Fleming's testimony that although he lost money in his business dealings with La Cajun, such losses were not the result of respondent's omissions.

IT IS THEREFORE ORDERED that W. Fredrick Zimmerman be censured in accordance with Supreme Court Rule 203(a)(3) (1997 Kan. Ct. R. Annot. 201) for his violation of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to respondent.