No. 82,366

In the Matter of BARRY G. ALBIN, *Respondent.*

(982 P.2d 385)

Opinion filed May 28, 1999.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause and was on the brief for petitioner.

*J. Mikeal Hagerdon,* of Shawnee Mission, argued the cause and was on the brief for respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Barry G. Albin of Kansas City, an attorney licensed to practice law in the state of Kansas. The hearing panel found that respondent had violated KRPC 4.1(a) (1998 Kan. Ct. R. Annot. 366) (truthfulness in statements to others) and KRPC 8.4(c) (1998 Kan. Ct. R. Annot. 386) (misconduct). The panel recommends the imposition of the discipline of published censure. Respondent has filed exceptions to the panel's final hearing report.

## FACTS

On June 17, 1997, respondent sent a letter to Kelly Duff, an inmate of the Lansing Correctional Facility. He marked the envelope "Legal Mail." In accordance with facility policy, the letter was opened by a correctional counselor in the presence of Duff. Contraband, in the form of stamps or stamped envelopes (the record is unclear) fell from the letter. Upon observing the contraband, in further pursuance of facility policy, the counselor scanned the letter. The subject of the letter was stated as being "Re: Representation on car accident." The letter ended with: "Enclosed are envelopes and stamps. Hope they meet the need." All other portions of the letter were of a highly personal nature which, despite respondent's vigorous assertions to the contrary, cannot possibly be categorized as involving legal issues or representation. On July 29, 1997, another letter sent by respondent to Duff was received at

the facility. It, too, contained contraband: stamps or stamped envelopes.

The same date, Warden McCune sent respondent a letter advising him: (1) the facility was aware that respondent had sent contraband into the facility in the June 17 "Legal Mail" designated envelope which, in fact, did not contain legal mail; (2) he had sent additional contraband into the prison (received July 29); and (3) he was being placed on the facility's readable mail list; and (4) he was being barred from further access to the facility. Respondent wrote a letter to the warden disputing the allegations and the penalties imposed therefor. The warden reported the situation to the Disciplinary Administrator.

John Duma, a Kansas City attorney, investigated the matter. Respondent was at first evasive, but then stated that the "Re: Representation on car accident" was put on the letter at the request of Duff "to throw [prison officials] off track," and that the letter contained personal material.

## STANDARD OF REVIEW

In disciplinary matters, we have a duty to examine the evidence and determine for ourselves the judgment to be entered. Although the report of the disciplinary panel is advisory only, it will be given the same dignity as a special verdict by a jury, or the findings of a trial court, and will be adopted where amply sustained by the evidence, or where it is not against the clear weight of the evidence, or where the evidence consisted of sharply conflicting testimony. See *In re Carson*, 252 Kan. 399, 406, 845 P.2d 47 (1993); *In re Farmer*, 242 Kan. 296, 299, 747 P.2d 97 (1987); *State v. Zeigler*, 217 Kan. 748, 755, 538 P.2d 643 (1975); *State v. Klassen*, 207 Kan. 414, 415, 485 P.2d 1295 (1971). We apply these rules in considering the evidence, the findings of the panel, and the arguments of the parties in making our determination of whether violations of KRPC exist, and, if they do, deciding upon the appropriate discipline to be imposed. *In re Berg*, 264 Kan. 254, 269, 955 P.2d 1240 (1998).

## KRPC 8.4(c)

KRPC 8.4(c), addressing misconduct, provides: "It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The panel concluded:

"Respondent violated KRPC 8.4(c) by putting the legal mail designation on the envelope of his June 17, 1997 letter to inmate Duff. KRPC 8.4(c) prohibits an attorney from 'engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.' The June 17, 1997 letter was not legal mail, and Respondent dishonestly marked the envelope as such. Respondent further violated KRPC 8.4(c) by misrepresenting the letter as regarding 'Representation on car accident.' "

Respondent has filed an exception to the conclusion that he violated KRPC 8.4(c). Respondent appears to have misconstrued the panel's findings and conclusions as being based upon the fact that there was no attorney-client relationship between the respondent and the inmate. Clearly, the panel based its conclusion on the fact: (1) the letter was personal in nature; (2) the letter was not "Legal Mail" and was dishonestly identified to give it a protected status it was not entitled to; and (3) the heading inside the letter relative to a car accident was intended to misrepresent the true nature of the letter. Whether the inmate was a client, former client, or prospective client at the time the letter was written is not crucial to these findings. Misrepresenting the nature of the content of the letter is the gravamen of the violation.

Respondent also argues vigorously that the subterfuge of the "Legal Mail" and the misrepresentation that the letter concerned representation on a car accident should have deterred prison officials from discovering the true nature of the letter (personal). Put another way, respondent seems to suggest that the deception should have worked and the prison, not the respondent, is at fault for reading the letter. The inclusion of the contraband in the letter caused the letter to be scanned.

Nothing is to be gained from further discussion on this issue. The panel's findings and its conclusion that respondent's conduct violated KRPC 8.4(c) are abundantly supported by the record herein. We adopt the panel's conclusions as to this violation.

## KRPC 4.1(a)

KRPC 4.1(a) provides: "In the course of representing a client a lawyer shall not knowingly: . . . make a false statement of material fact or law to a third person." 1998 Kan. Ct. R. Annot. 366. The comment on this rule indicates that "[a] lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts." 1998 Kan. Ct. R. Annot. 366.

As to this violation, the panel stated:

"The panel finds, by clear and convincing evidence, that Respondent violated KRPC 4.1 as follows: Respondent falsely marked the envelope containing his June 17, 1997 letter to inmate Duff as 'Legal Mail.' KAR 44-12-601 defines Legal Mail as 'mail which affects the inmate's right of access to the courts or legal counsel.' KRPC 4.1(a) prohibits attorneys from making false statements to third persons. By putting the designation 'Legal Mail' on the envelope, Respondent full well expected prison personnel to be dissuaded from reading the contents of the envelope. No legal matters were covered in the June 17, 1997 letter. Further Respondent and inmate Duff did not have an attorney client relationship when the letter was written. Therefore the June 17, 1997 letter was not legal mail and Respondent falsely represented that it was to the prison authorities."

Respondent filed an exception to the panel's conclusion that he had violated KRPC 4.1. He correctly notes that the prohibited conduct must occur "[i]n the course of representing a client." By the panel's own determination, supported by the record, no attorney-client relationship between respondent and the inmate existed when the June 17, 1997, letter was written. We must, therefore, conclude that the panel's conclusion that respondent violated KRPC 4.1 should not be adopted.

## APPROPRIATE DISCIPLINE

As to the discipline to be imposed, the panel stated:

"In making its recommendations for discipline, the panel has reviewed the ABA Standards for Imposing Lawyer Sanctions. The factors to be considered include the following: 1) whether the lawyer had violated a duty owed to a client, to the public, to the legal system, or to the profession; 2) whether the lawyer acted intentionally, knowingly, or negligently; 3) the amount of the actual or potential injury caused by the lawyer's misconduct; and 4) the existence of aggravating or mitigating factors.

"In this matter, the panel finds, by clear and convincing evidence, that Respondent intended to deceive Lansing personnel responsible for the care and confinement of inmates.

"We then turn to the ABA Standards on Aggravation and Mitigation to determine whether any factors present either increase or reduce the nature and extent of discipline to be imposed. The panel finds factor '(a)' in aggravation relevant to this case: Respondent was informally admonished in 1992 for violating MRPC 1.7(b). The panel also finds factor '(b)' relevant because Respondent acted with dishonest motive in placing the 'Legal Mail' designation on the envelope in Exhibit F.

"Respondent submitted Exhibits R-2 and R-3, letters from Respondent's clients supporting his continued practice of law. The panel admitted these letters, but does not consider them a mitigating factor.

"The Panel recommends that respondent be publicly censured."

As one of his exceptions, respondent contends the panel erred in not considering the two letters respondent submitted as evidence of mitigation. One of the letters was from inmate Duff's mother. Essentially, she is expressing a fondness for respondent and satisfaction with legal services he has provided to her son. The other letter is from a former client who is very pleased with legal services respondent has provided to her and his approach to the practice of law. Neither letter has any bearing on the wrongful conduct herein, and no error has been shown in the panel's refusal to consider them as evidence in mitigation.

Respondent argues no discipline is warranted as no misconduct has been established. The Disciplinary Administrator's office has taken no position as to the appropriate discipline. We accept the panel's recommended discipline.

IT IS THEREFORE ORDERED that Barry G. Albin be censured in accordance with Supreme Court Rule 203(a)(3) (1998 Kan. Ct. R. Annot. 210) for his violation of the Kansas Rules of Professional Conduct.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to respondent.