No. 82,940

In the Matter of LISA ANN BAILEY, *Respondent*.

(986 P.2d 1077)

Opinion filed October 29, 1999.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Thea Rademacher*, of Topeka, argued the cause and was on the brief for respondent.

*Per Curiam*: This is an original proceeding in discipline against respondent Lisa Ann Bailey, an attorney admitted to the practice of law in Kansas, whose business address is Topeka, Kansas.

The facts were stipulated to by respondent and the Disciplinary Administrator. Testimony was taken concerning mitigating factors. Based on the stipulated facts, the disciplinary panel concluded:

"COUNT I - A7116

"2. Complainant Vicki Smith retained Respondent in August 1996, to represent her in a post divorce property settlement. Respondent filed Request for Admissions, Request for Production and Interrogatories on behalf of Ms. Smith. She also filed a Motion to Compel Production on January 13, 1997. In March 1997, Paul Kritz, the attorney representing Ms. Smith's ex-husband, sent Respondent a proposed journal entry containing the property settlement. Respondent took no action on the proposed journal entry. In May, 1997, Mr. Kritz wrote Respondent again because he had heard nothing from her about his March, 1997 letter and the proposed journal entry. Again Respondent did nothing about this matter. On August 22, 1997, Mr. Kritz sent a final Journal Entry to Respondent pursuant to SCR 170, so when Respondent took no action on the Journal Entry, Mr. Kritz filed it and sent her a certified copy on September 19, 1997.

"3. Between March and September 1997, Ms. Smith phoned and wrote Respondent several times to check on the status of her case. In a June 11, 1997 phone call, Respondent told her about the proposed journal entry, but did not discuss its terms; Ms. Smith sent letters on June 23, July 11, and on September 12, 1997 to Respondent addressing the property settlement and requesting status update. Respondent did not contact Ms. Smith at all during this time frame.

"COUNT II - A7123

"4. The complainant was Kimberly Beatty. She retained Respondent in April,

1997 to represent her in a visitation and child custody case in Wyandotte County, Kansas. Complainant was living in Maryland when she hired Respondent. A short while later, Ms. Beatty also retained Respondent to represent her in her divorce. Respondent advised Ms. Beatty to move back to Kansas and maintain Kansas residency while seeking custody of her children. In July, 1997, Respondent sent a $300 trust account check to the Clerk of the Court, Wyandotte County, to pay for the Guardian Ad Litem in the custody matter. The check was returned for insufficient funds. Respondent replaced it with a cashier's check. Respondent explained she wrote the check before the funds she deposited cleared. No client funds were lost. The court granted Ms. Beatty her divorce in August, 1997, and ordered a property settlement be finalized in 30 days. Respondent took no action to finalize the property settlement.

"5. In the matter of the custody of Ms. Beatty's children, Respondent appeared, without her client, because Ms. Beatty no longer wanted custody, only visitation. Although opposing counsel sent Respondent a proposed custody and visitation journal entry, Respondent never sent it to Ms. Beatty. Respondent simply took no further action on the custody matter. In October, 1997, Ms. Beatty complained to the Disciplinary Administrator and on October 29, 1997, Respondent withdrew from representing Ms. Beatty in both the custody and divorce matter. The court permitted her withdrawal from the custody matter, but not the divorce action."

The Disciplinary Administrator and respondent drafted a probation and supervision plan and immediately put the plan into effect. This court has previously suggested that a respondent proceed in that manner, and the court is pleased to see an attempt to solve disciplinary problems at the earliest possible time.

After the stipulation, evidence in mitigation, and proposed plan were submitted to the hearing panel, the panel added to and changed some of the plan. Obviously, both the Disciplinary Administrator and the panel were trying to do what is best for the public and to rehabilitate respondent. Good arguments could be made to support all of the suggestions.

This court is not bound by the recommendation of either the Disciplinary Administrator or of the hearing panel. Supreme Court Rule 212(f) (1998 Kan. Ct. R. Annot. 236); see *In re Jones*, 252 Kan. 236, 239, 843 P.2d 709 (1992). This court has a duty in disciplinary proceedings to examine all the evidence and to determine the judgment to be entered. *State v. Klassen*, 207 Kan. 414, 415, 485 P.2d 1295 (1971).

In *Jones*, we noted that "[c]omparison of past sanctions imposed in disciplinary cases is of little guidance." 252 Kan. at 239. It is not

helpful, therefore, for the respondent to point out past disciplinary actions in the hopes that the disposition for this case will be similar. Each case should be evaluated based on its specific facts and circumstances. In determining the appropriate discipline to be imposed for violating the disciplinary rules, we consider the facts surrounding the violation as well as any aggravating or mitigating circumstances. *State v. Stakes,* 227 Kan. 711, 720, 608 P.2d 997 (1980).

The ultimate goal of disciplinary proceedings is to protect the public. *Jones,* 252 Kan. at 239. Additionally, the disciplinary proceedings give the public confidence that attorneys who violate the Kansas Rules of Professional Conduct (KRPC) are disciplined in a manner which is appropriate, given the specific circumstances of the case.

Here, the panel concluded:

"Respondent admits to violations of KRPC 1.3 [Diligence] and 1.4 [Communication] with regard to Count I. Respondent admits to violations of KRPC 1.3, 1.4 and 1.15 [Safekeeping Property] with regard to Count II. The panel finds, by clear and convincing evidence, that Respondent's conduct in her representation of Vicki Smith (Count I) violated KRPC 1.3 because Respondent failed to take any action after she received the proposed journal entry from opposing counsel, Mr. Kritz, and as a result he used [Rule] 170 to have the journal entry filed of record. The panel also finds, by clear and convincing evidence, that Respondent violated KRPC 1.4 when she failed to return her client's call, and failed to answer written requests for information about the case status.

· "The panel finds, by clear and convincing evidence, that Respondent violated KRPC 1.15 by writing an insufficient funds check on her trust account. The panel does note that no client lost any funds as a result of this misconduct. The panel also finds, by clear and convincing evidence, that Respondent violated KRPC 1.3 and 1.4 in that she did not pursue the Beatty divorce to conclusion by preparing the property settlement or setting it for trial as ordered by the court, and by not sending the proposed journal entry in the custody matter, to her client for review and comment.

"Mitigation/Aggravation

"In making its recommendation for discipline, the panel has reviewed the ABA Standards for Imposing Lawyer Sanctions. The factors to be considered include the following: 1) whether the lawyer had violated a duty owed to a client, to the public, to the legal system, or to the profession; 2) whether the lawyer acted intentionally, knowingly, or negligently; 3) the amount of the actual or potential

injury caused by the lawyer's misconduct; and 4) the existence of aggravating or mitigating factors.

"Respondent acted negligently by failing to diligently follow up with court orders and paperwork for her clients and to communicate regularly with her clients. As a result of these failures, Respondent did not properly represent her client to the damage of the clients, the public, the legal system and our profession. The journal entry in the Smith case would not have been incorrectly filed pursuant to [Rule] 170, if Respondent had taken any action therein.

"The panel then turns to the ABA Standards on Aggravation and Mitigation to determine whether any factors present either increase or decrease [or] reduce the nature and extent of discipline imposed. The panel finds the following factors in aggravation relevant to this case: (a) prior disciplinary record. Respondent has twice before been informally admonished in her private practice for lack of diligence and poor communication at about the same time that these two complaints were filed. . . . Also applicable are factors (c) pattern of misconduct and (d) multiple offenses as shown by the four complaint[s] (two herein and two earlier) for similar violations.

"The panel finds that the following factors in mitigation apply: (b) absence of dishonest or selfish motive; (c) personal or emotional problems if such misfortunes have contributed to violation of the Kansas Rules of Professional Conduct. Respondent['s] psychologist has stated that her inability to focus and concentrate and remain still was attributable to the combination of prozac and fen-phen she was taking; (e) the present and past attitude of the attorney as shown by his or her cooperation during the hearing and his or her full and free acknowledgment of transgressions. Respondent admits her violations of the KRPC in the Stipulation; (f) inexperience in the practice of law. Although Respondent is a 1992 law school graduate, Respondent has only been in private solo practice since 1996."

There is clear and convincing evidence that respondent violated KRPC 1.3 (1998 Kan. Ct. R. Annot. 288) (a lawyer shall act with reasonable diligence and promptness in representing a client) and KRPC 1.4 (1998 Kan. Ct. R. Annot. 296) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation) as alleged in Count I. Respondent has violated KRPC 1.3, 1.4, and 1.15 (1998 Kan. Ct. R. Annot. 333) (a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property) as set forth in Count II. We also find respon-

dent, by clear and convincing evidence, violated KRPC 1.3, 1.4, and 1.15 as set forth in the second complaint.

IT IS THEREFORE ORDERED that imposition of discipline against respondent be suspended and that respondent be placed on probation for a period of 2 years from October 20, 1998, on the terms and conditions set forth in the probation and supervision plan presented by respondent and the Disciplinary Administrator and subject to the following:

1. Ardith Smith-Woertz, an attorney in Topeka, Kansas, will supervise respondent's probation and practice for a period of 2 years from October 20, 1998.

2. Smith-Woertz will be acting as an officer and an agent of the court as supervisor of probation in monitoring the legal practice of respondent.

3. Smith-Woertz shall be afforded all immunities granted by Supreme Court Rule 223 (1998 Kan. Ct. R. Annot. 264) during the course of her activities as directed by this order.

4. Respondent will allow Smith-Woertz access to her files, her employees, her trust account, and her doctors. Smith-Woertz shall act periodically at such intervals as she deems appropriate, or as directed by the Disciplinary Administrator, and monitor the following: (a) the status of each case on respondent's case list; (b) respondent's docketing system; (c) respondent's management of discovery; (d) respondent's responses to clients' requests for information; (e) respondent's trust account; and (f) the views of the local judges as to their evaluation of respondent's performance. Any material deviation from proper practice shall be immediately reported to the Disciplinary Administrator.

5. Smith-Woertz will also supervise as set forth in the proposed plan which this court adopts.

IT IS FURTHER ORDERED that respondent shall not violate the KRPC.

IT IS FURTHER ORDERED that in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to her, and this court shall take whatever disciplinary action

it deems just and proper, including disbarment, without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.