No. 83,037

In the Matter of MICHAEL R. McINTOSH, *Respondent*.

(991 P.2d 403)

Opinion filed October 29, 1999.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Michael R. McIntosh*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Michael R. McIntosh of Kansas City, an attorney who has been admitted to the practice of law in Kansas.

Respondent has filed no exceptions but requests some corrections to the panel's factual findings and the Disciplinary Administrator concurs with this request. The corrected findings are as follows:

"2.  On April 11, 1996, Respondent was convicted in the U. S. District Court of 13 felony counts involving bankruptcy fraud and money laundering. Respondent's appeal to the 10th Circuit Court of Appeals resulted in reversal of a majority of the counts of criminal conviction. However the 10th Circuit affirmed 2 counts of Bankruptcy fraud. As a result of these convictions, Respondent served time in prison, paid a fine and costs. He was released from prison on August 27, 1998 and is currently on supervised release. Respondent is disbarred from the federal court practice, and his license to practice in Kansas was temporarily suspended on June 17, 1996.

"3.  Respondent is currently employed as a researcher in the law offices of Rosie Quinn. He testified he is complying with the rules regarding his non practice of law. He was born in 1950, graduated from the Washburn Law School in 1979 and began law practice in Kansas in April, 1980 from a Wyandotte County office."

It should be noted that the charges arose from respondent's personal bankruptcy action which was filed due to respondent's problems relative to some overdue federal and state tax obligations. The details relative to the convictions and reversals as to some counts are set forth in *United States v. McIntosh*, 124 F.3d 1330 (10th Cir. 1997).

The panel concluded the two federal convictions constituted a violation of KRPC 8.4(b) (misconduct) (1998 Kan. Ct. R. Annot. 386), which provides:

"It is professional misconduct for a lawyer to:

. . . .

"(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

### As to aggravating factors, the panel stated:

"(a) Prior disciplinary offenses. Respondent was informally admonished in June, 1988 regarding a trust account, and in August, 1992 regarding the lack of a written fee contract in a contingency case; he was publicly censured in December, 1994 for failure to cooperate with the Disciplinary Administrator, and in March, 1996 for two insufficient funds checks.

"(b) Dishonest or selfish motive. Respondent testified there was no selfish or dishonest motive, and it does not appear Respondent personally gained any financial advantage by his actions. However, the conviction was for fraud which is inherently a dishonest act. Furthermore, the factual basis for the conviction of bankruptcy fraud involved the failure to disclose monetary transactions which raises certain implications of an intent to hide assets from creditors.

"(d) Multiple offenses. While Respondent was convicted of two separate counts of bankruptcy fraud, they arose out of his one bankruptcy.

"(g) Refusal to acknowledge wrongful nature of conduct. Respondent's entire attitude, testimony . . . and exhibits . . . were that he did nothing wrong. He believed the judge and jury were wrong. There was no remorse shown or any indication that Respondent accepted that he had committed a federal crime. However, the Tenth Circuit decision . . . specifically found ample evidence for a jury to find an intent to commit bankruptcy fraud. Respondent did acknowledge he violated MRPC 8.4.

"(i) Substantial experience in the practice of law. Respondent was an experienced attorney, but not a bankruptcy attorney.

"(j) Indifference to making restitution. Respondent's failure to pay the IRS is due to financial inability, not indifference.

"(k) Illegal conduct. He was convicted in federal court."

### As to mitigating factors, the panel stated:

"(c) Personal or emotional problems. Financial problems led to the bankruptcy where the crimes were committed.

"(d) Timely good faith effort to make restitution. The inability to pay the IRS is due to finances and not a lack of good faith.

"(g) Previous good character. Respondent provided letters from attorneys and former clients in support of his character.

"(k) Imposition of other penalties or sanctions. Respondent was incarcerated, is still on supervised release, cannot vote or hold office or serve as a juror under K.S.A. 21-4615."

The panel then recommended the discipline of indefinite suspension be imposed retroactive to the date of his temporary suspension (June 17, 1996) and that respondent be reinstated without petition after he establishes he has satisfied the following conditions:

"1. All claims of the IRS against Respondent have been fully resolved.

"2. Respondent completes his supervised release and is fully discharged from the criminal proceeding.

"3. Respondent has not engaged in the practice of law prior to the termination of his suspension.

"4. Respondent has earned the minimum continuing legal education credit hours required for the period of suspension.

"5. Respondent has paid the costs of this proceeding.

"6. Respondent complies with Supreme Court Rule 218."

The panel noted disbarment is the usual disposition for this type of attorney misconduct, but concluded its recommended discipline was more appropriate herein.

There is no dispute as to the facts as amended. The panel's recommended discipline is advisory only and not binding upon this court. It is the responsibility of this court to examine the evidence and determine for itself the discipline to be imposed. *In re Gribble*, 261 Kan. 985, 986, 933 P.2d 672 (1997). We disagree with the panel's recommended discipline.

Respondent was convicted of two federal felonies, served time, and is presently on supervised release therefrom. We conclude the record herein warrants indefinite suspension, to commence upon the filing of this order.

IT IS THEREFORE ORDERED that respondent, Michael R. McIntosh, be indefinitely suspended from the practice of law.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1998 Kan. Ct. R. Annot. 246) and, if respondent seeks reinstatement, he shall comply in full

particulars with Supreme Court Rule 219 (1998 Kan. Ct. R. Annot. 256).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that respondent pay the costs of these proceedings.