No. 84,430

In the Matter of ALAN G. WARNER, *Respondent.*

(11 P.3d 1160)

Opinion filed October 27, 2000.

*Frank D. Diehl,* deputy disciplinary administrator, was on the formal complaint for petitioner.

*Joseph P. Huerter,* of The Law Firm of Tenopir and Huerter, of Topeka, argued the cause and was on the brief for respondent. *Alan G. Warner,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Alan G. Warner, an attorney who has been admitted to practice law in Kansas. Respondent, now a resident of Hawaii, was practicing law in Topeka at the time of the occurrences giving rise to the filing of the complaint herein.

The hearing panel concluded respondent had violated:

1. KRPC 1.5(d) (1999 Kan. Ct. R. Annot. 312) (fees) in failing to have the contingent fee agreement in writing, in failing to provide a written statement of outcome to the client, and in failing to provide the client with an accounting of fees and expenses;

2. KRPC 1.15 (1999 Kan. Ct. R. Annot. 342) (safekeeping property) in failing to make prompt delivery of funds to a third party; and

3. KRPC 8.4(c) (1999 Kan. Ct. R. Annot. 399) (misconduct) by representing he would reimburse the travel expenses of a witness and then refusing to do so.

The panel recommended a 6-month suspension from the practice of law plus other conditions set forth later in this opinion.

Although notified of the hearing date set by the panel, respondent neither appeared nor requested a continuance. Upon receipt of the Final Hearing Report, respondent filed a general exception to the panel's findings and conclusions.

At the hearing three witnesses testified: Peggy Deghand, the client; Jenette C. Gleason, the Deghand trial witness; and Brian Moline, the investigator of the complaint. There was, essentially, no conflict in this testimony. Respondent's position was represented only by the answer he had filed herein wherein certain allegations were admitted and others were denied, in whole or in part. In his brief before us, respondent presents his versions of what transpired among himself, Deghand, and Gleason.

## STANDARD OF REVIEW

In *State v. Klassen*, 207 Kan. 414, 415, 485 P.2d 1295 (1971), we explained that we have a duty in a disciplinary proceeding to examine the evidence and determine for ourselves the judgment to be entered. In *State v. Zeigler*, 217 Kan. 748, 755, 538 P.2d 643 (1975), this court stated that, although the report of the disciplinary hearing panel is advisory only, it will be given the same dignity as a special verdict by a jury, or the findings of a trial court, and will be adopted where amply sustained by the evidence, or where it is not against the clear weight of the evidence, or where the evidence consisted of sharply conflicting testimony. See *In re Carson*, 252 Kan. 399, 406, 845 P.2d 47 (1993); *In re Farmer*, 242 Kan. 296, 299, 747 P.2d 97 (1987).

## VIOLATIONS OF KRPC 1.5(d)

KRPC 1.5(d) provides:

"A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (f) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, and the litigation and other expenses to be deducted from the recovery. All such expenses shall be deducted before the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the client's share and amount and the method of its determination. The statement shall advise the client of the right to have the fee reviewed as provided in subsection (e)."

The panel found respondent's conduct violated three different provisions of 1.5(d). It is undisputed that Deghand retained respondent (and his attorney-wife) in 1993 to represent her in a civil action against her former employer. The panel found that, in violation of 1.5(d), there was no written contract of employment. This finding is clearly supported by the evidence.

The panel found that an additional violation occurred when respondent failed to provide the client with a written statement of the outcome of the case. This is true, but it is also clear that the case was lost in open court where both respondent and the client were present. Under this circumstance, it would be overly technical to penalize the lack of a written statement of the trial results. For the third violation, the panel noted respondent had failed to provide the client with a written "accounting of fees and expenses." There is no showing the client was charged for expenses. The rule provides that *"if there is recovery,"* a written statement showing how the client's share was determined is to be provided. Here, there was no recovery.

We find the evidence supports the violation of this rule only as to the lack of a written contingency fee contract.

## VIOLATIONS OF KRPC 1.15

KRPC 1.15 provides in pertinent part:

"Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

Respondent and the client desired to call Gleason as a witness in the civil trial. She was living in Nevada at the time. The client paid respondent $500. She testified this was a partial advance payment for Gleason's travel expenses. Gleason testified respondent advised her he would reimburse her for her travel expenses. The witness came back to Topeka and testified at trial.

Respondent applied the $500 to other expenses in the case and denied in his answer receipt of same was for the payment of Gleason's travel expenses. Respondent argues Gleason came to Topeka only to visit her injured son. The evidence before the panel clearly supports its finding that the money was delivered to respondent by the client for payment to Gleason.

The panel's finding of a violation of KRPC 1.15 is supported by the evidence.

## VIOLATIONS OF KRPC 8.4(c)

KRPC 8.4(c) provides: "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

The evidence supports the panel's finding that respondent advised Gleason that if she would return to Kansas for the trial, he would reimburse her expenses. She fulfilled her part of the agreement, but the respondent refused to reimburse her for her travel expenses. We find a violation of this rule is supported by the evidence.

## DISCIPLINE

The panel noted that respondent had no prior disciplinary proceedings. It further noted that while respondent's actions caused no harm to the client, the witness was harmed by respondent's actions. The panel also noted that at the time of the hearing, respondent was suspended from the practice of law in Kansas for the failure to pay his attorney registration fee and failure to comply with the Rules Relating to Continuing Legal Education.

The panel recommended:

"The Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law in the State of Kansas for a period of six (6) months. Further, the Panel recommends that before the Respondent's license is reinstated that (1) he reimburse Jenette C. Gleason for her travel expenses in the sum of Seven hundred twenty-eight dollars and forty-one cents ($728.41); (2) he pay all registration fees and penalties due and owing; and (3) he comply with the requirements of the Rules Relating to Continuing Legal Education of the State of Kansas.

"Costs are assessed against the Respondent in an amount to be certified by the Disciplinary Administrator."

The recommendation of the panel or the Disciplinary Administrator as to sanctions to be imposed is advisory only and does not prevent the court from imposing sanctions greater or lesser than those recommended by the panel or the Disciplinary Administrator. Supreme Court Rule 212(f) (1999 Kan. Ct. R. Annot. 238); see *In re Hill*, 259 Kan. 877, 882, 915 P.2d 49 (1996); *In re Keithley*, 252 Kan. 1053, 1055, 850 P.2d 227 (1993).

A minority of the court would accept the recommended discipline of the hearing panel.

In his brief, respondent acknowledges that if we deem it appropriate that he reimburse Gleason her travel expenses, he "humbly submits he will pay. Such remedy should not, however, be enabled by the notion Mr. Warner was motivated to engage in hurtful behavior."

The majority of the court concludes that the appropriate discipline is that of published censure. In addition, respondent is directed to reimburse Gleason her travel expenses of $728.41.

IT IS THEREFORE ORDERED that Alan G. Warner be censured in accordance with Supreme Court Rule 203(a)(3) (1999 Kan. Ct. R. Annot. 210) for his violations of the Kansas Rules of Professional Conduct.

IT IS FURTHER ORDERED that respondent reimburse Jenette C. Gleason her travel expenses in the amount of $728.41.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs herein be assessed to respondent.

SIX, J., dissenting and concurring: I would adopt the panel report and impose the panel's recommended sanctions. As the majority observed at the time of the panel hearing, respondent was suspended from the practice of law for failure to pay his registration fee and failure to comply with the Continuing Legal Education rules. The majority has ordered reimbursement of travel expenses for Jenette Gleason. I agree with the panel that before respondent's license is reinstated he also must "(2) . . . pay all registration fees and penalties due and owing; and (3) . . . comply with the

requirements of the Rules Relating to Continuing Legal Education of the State of Kansas."

While it is true that Peggy Deghand was at the trial and knew the outcome of her case, KRPC 1.5(d) does not qualify the duty of an attorney. KRPC 1.5(d) says: "[T]he lawyer shall provide the client with a written statement stating the outcome of the matter . . . ." The language is mandatory, not discretionary. Respondent admits failing to follow the rule. Respondent made false promises to pay a witness' expenses if the witness agreed to testify at trial.

The majority agrees with the respondent's argument that he was not required to provide a final accounting to Deghand unless there was a recovery. Deghand had given respondent a retainer of $200 and then an additional $500; the latter, she testified, was earmarked for Gleason's travel expenses. Had respondent given Deghand an accounting of where her two payments were used and the total amount of the expenses incurred, respondent likely would have avoided Deghand's complaints. Instead, he refused to return telephone calls to Gleason, refused to pick up the registered mail containing her receipts, and refused to assist Gleason in her attempt to recoup travel expenses.