No. 96,889

In the Matter of VINCENT J. GARCIA, *Respondent*.

147 P.3d 132

Opinion filed December 8, 2006.

*Frank D. Diehl*, Deputy Disciplinary Administrator, argued the cause and was on the formal complaint for petitioner.

*Vincent J. Garcia*, respondent, argued the cause pro se.

*Per Curiam*: This is an uncontested disciplinary proceeding filed by the Disciplinary Administrator's office against respondent, Vincent J. Garcia, licensed to practice law in Kansas since September 1999.

The formal complaint charged respondent with violating Kansas Rules of Professional Conduct (KRPC) 4.2 (2005 Kan. Ct. R. Annot. 481) (communication with person represented by counsel) and KRPC 8.4(g) (2005 Kan. Ct. R. Annot. 504) (engaging in conduct adversely reflecting on fitness to practice law).

"In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. [Citation omitted.] Any attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. [Citation omitted.]

"This court views the findings of fact, conclusions of law, and recommendations made by the disciplinary panel as advisory, but gives the final hearing report the same dignity as a special verdict by a jury or the findings of a trial court. Thus, the disciplinary panel's report will be adopted where amply sustained by the evidence, but not where it is against the clear weight of the evidence. [Citations omitted.]" *In re Lober*, 276 Kan. 633, 636-37, 78 P.3d 442 (2003).

The hearing panel made the following findings of fact:

In October 2004, attorney Sean Shores filed a petition for divorce on behalf of a client husband in Sedgwick County. Respondent represented the wife. The couple had one minor child.

Temporary orders provided that Shores' client was to have primary residential custody of the child and that respondent's client was to have parenting time every other weekend. The temporary

orders did not specify the date when the parenting time was to begin.

On the wife's behalf, respondent filed a request for an ex parte hearing regarding custody. On October 21, 2004, the court heard and denied the motion. Again, the court did not specify when the parenting time was to begin.

On October 22, 2004, respondent called Shores to inquire whether parenting time could begin that weekend. Shores told respondent he would check with his client and let respondent know. Shores was unable to reach the husband and then left town for the weekend without informing respondent of the status of the parenting time issue.

On the evening of October 22, 2004, respondent called Shores' client, without Shores' permission, and left a voice mail message. The message indicated that he was trying to get a telephone number for Shores; that Shores was supposed to contact the husband; that the husband was supposed to have taken the child to respondent's client, the wife; and that, because he had not done so, he was in contempt of court. The message also told Shores' client to call respondent back.

Shores' client attempted to reach Shores. When he was unsuccessful, he called respondent. Respondent told Shores' client that he was in contempt of court and that respondent would file a citation in contempt on the following Monday unless the child was delivered to respondent's client. The hearing panel also noted that, according to Shores' client, respondent used profanity, threatened to have him arrested, and raised his voice during this telephone conversation.

Shores' client did not deliver the child to respondent's client. On Monday, October 25, 2004, respondent sought a court order to force Shores' client to appear and show cause why he should not be held in contempt. The court issued the order, and the contempt proceeding was scheduled for November 2, 2004.

While in the courthouse, respondent happened to run into Shores; Shores confronted respondent about calling his client. In response, respondent told Shores that he could "kiss my ass."

Shores then said his client felt threatened when respondent called. Respondent then said: "You can tell him to kiss my ass."

At the later contempt proceeding, the district judge found Shores' client was not in contempt of court.

Based on these findings, the hearing panel concluded as a matter of law that respondent violated only KRPC 4.2, which provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." KRPC 4.2. Respondent contacted Shores's client without first obtaining Shores' consent.

The panel then recommended discipline. It considered the following factors from the American Bar Association's Standards for Imposing Lawyer Sanctions (1991) (Standards):

"*Duty Violated.* The Respondent violated his duty to the legal system to refrain from contacting a represented party.

"*Mental State.* The Respondent knowingly violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused injury or potential injury to the legal system."

### The panel found the following aggravating factor present:

"Prior Record of Discipline. In 2003, the Respondent participated in the Attorney Diversion Program for having violated KRPC 7.3(c) [Requiring soliciting material directed at prospective clients known to have a particular legal need, and with whom the lawyer has no family or prior professional relationship, to include the words 'Advertising Material' on the outside envelope and at the beginning and ending of any recorded communication.]. On December 16, 2003, the Respondent successfully completed the terms and conditions of diversion and [the] case was dismissed. Successful completion of the Attorney Diversion Program constitutes prior discipline. Kan. Sup. Ct. R. 203(d)(2)(vi)."

### The panel also considered the following mitigating factors:

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"Inexperience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1999. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of five years. Accordingly, the Hearing Panel concludes that the Respondent was inexperienced in the practice of law at the time he engaged in the misconduct."

The panel also considered Standard 6.33, which states:

"Reprimand is generally appropriate when a lawyer is negligent in determining whether it is proper to engage in communication with an individual in the legal system, and causes injury or potential injury to a party or interference or potential interference with the outcome of the legal proceeding."

The Disciplinary Administrator recommended that respondent be censured and that the censure be published in the Kansas Reports. Counsel for respondent recommended published censure or, in the alternative, recommended that respondent be informally admonished. The hearing panel unanimously recommended that respondent receive a published censure from this court.

Although the panel's recommended discipline is advisory only and it is the responsibility of this court to examine the evidence and determine for itself the discipline to be imposed, *In re Gribble,* 261 Kan. 985, 986, 933 P.2d 672 (1997), the panel's report is due the same dignity as a special verdict by a jury or the findings of a trial court. Thus a disciplinary panel's report will be adopted where amply sustained by the evidence but not where it is against the clear weight of the evidence. *In re Lober,* 276 Kan. at 636-37.

Here, the disciplinary panel's report and recommendation is amply sustained by the evidence. Respondent took no exceptions to it, and, at oral argument before this court, he admitted his telephone call to Shores' client. We therefore adopt the panel's findings of fact and its conclusions of law.

A majority of this court also agrees with the panel's recommended discipline of published censure for respondent's violation of KRPC 4.2. A minority of this court would impose more severe discipline.

IT IS THEREFORE ORDERED that Vincent J. Garcia hereby receive censure in accordance with Rule 203(a)(3) (2005 Kan. Ct. R. Annot. 247) for his violation of KRPC 4.2 and that this opinion and the censure be published in the Kansas Reports.

IT IS FURTHER ORDERED that costs be assessed against respondent.

LUCKERT, J., not participating.

LOCKETT, J., Retired, assigned.