[843 NYS2d 95]

In the Matter of JOHN C. KING (Admitted as JOHN CRANE KING), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 11, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

*John C. King*, Frisco, Texas, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The respondent was disbarred in the State of Kansas by order of the Supreme Court of that State dated October 15, 2004 (*In re King*, 278 Kan 378, 98 P3d 980 [2004]), based upon the undisputed findings of a disciplinary panel of the Kansas Board for the Discipline of Attorneys after conducting formal hearings and considering evidence regarding the respondent's conduct in handling matters for Randy Ford and Ida Ford, and Nga Nguyen.

In making its recommendation with respect to the measure of discipline to impose, the disciplinary panel considered the nature of the duty violated and the injury caused by the misconduct. The respondent violated his duty to his clients to safeguard their property and to account for money held in trust. He also violated his duty to the legal profession to cooperate in the investigation. The injury to clients was significant. The Fords' tax matter remains unresolved while the respondent converted money to which they were entitled. Nga Nguyen had to pay the Internal Revenue Service the compromised amount agreed to without access to her money held in trust.

The disciplinary panel found a number of aggravating factors including the facts that the respondent had been disciplined on three prior occasions, that he had engaged in a pattern of misconduct involving dishonesty, and that he was indifferent to his clients' vulnerabilities when refusing to make restitution.

Although the respondent asserted medical problems in mitigation, the disciplinary panel noted that those problems occurred after the clients requested their refunds. The Kansas Supreme Court adopted the panel's findings that the respondent failed to comply with the Fords' request that he account for money held in trust and return the balance to them; frequently issued checks from his trust account to his operating account in round numbers which did not comport with his bill-

ing summary on the Ford matter; failed to appropriately safeguard checks received from clients; failed to cooperate in disciplinary investigations; and failed to comply with the orders of the disciplinary panel and with a subpoena issued by the disciplinary panel for the production of documents.

Upon being served with the Grievance Committee's notice pursuant to 22 NYCRR 691.3, the respondent filed an answer in which he asserted the defenses that this Court, consistent with its duties, could not accept as final the findings of the Kansas Supreme Court and that the imposition of reciprocal discipline would be unjust under the circumstances.

The hearing scheduled for November 21, 2005, was adjourned at the respondent's request to permit him to retain counsel. The Grievance Committee's subsequent attempts to schedule a hearing were unsuccessful. By telephone conference on August 28, 2006, the Special Referee granted a final adjournment and fixed the hearing for September 29, 2006.

The hearing ultimately was held on September 29, 2006, with the respondent appearing pro se. The respondent conceded that he had no due process argument with respect to the Kansas proceeding. He understood that some form of discipline in New York would be in order, but expressed his belief that disbarment was too harsh a sanction. His argument, rather, focused on mitigation.

The respondent presented his numerous medical problems, which commenced in 2000, in mitigation. The respondent made reference to a letter from S. Richard Roskos, M.D., a psychiatrist who began treating him in 2005, after the conclusion of the Kansas disciplinary hearing and the decision of that jurisdiction. The colloquy which followed its presentation revealed it to be of limited value. The Special Referee noted that the statements in the letter were principally referable to events and conditions which had been considered by the Kansas Supreme Court in relation to the charge that the respondent had failed to cooperate in the investigation of the charges against him. Essentially, the conditions recited therein occurred prior to Dr. Roskos' treatment and were available to and were considered by the Kansas disciplinary authorities.

Based on his medical condition, the respondent attempted to defend against the findings of the Kansas Supreme Court by stressing that his problem was disorganization rather than dishonesty and that his clients' money was not missing, as concluded by the Kansas authorities. The respondent attempted

to show the Special Referee bank statements which were not considered in Kansas and which purportedly established that he retained all of the clients' money, albeit in different bank accounts. Grievance Counsel objected on the ground that the respondent had had ample opportunity to reopen the hearing in Kansas, the state where the improper dealings were adjudicated. Having failed to avail himself of that opportunity, the respondent should not be permitted to use the reciprocal disciplinary hearing to re-adjudicate the Kansas findings. The Special Referee refused to review the respondent's documents inasmuch as they addressed the merits of the Kansas Supreme Court's decision, which are beyond the scope of the hearing.

The Special Referee found that the respondent had not raised defenses that would preclude the imposition of reciprocal discipline.

Although the respondent conceded that he was afforded due process in Kansas, he nevertheless attempted to challenge the findings of the Kansas authorities in this proceeding based on events which occurred subsequent to his disbarment. New York courts cannot act as appellate courts for decisions made in sister state jurisdictions. Medical conditions which became apparent and worsened after the respondent's disbarment do not make the imposition of reciprocal discipline by the New York court unjust.

Accordingly, the Special Referee's findings that the respondent failed to establish any defenses to the imposition of reciprocal discipline are confirmed and the respondent is disbarred in New York on the basis of his disbarment in Kansas.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and FLORIO, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that John C. King, admitted as John Crane King, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John C. King, admitted as John Crane King, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public author-

ity, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if John C. King, admitted as John Crane King, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).